*773 Defendant challenges by motion the petition of plaintiff for restoration to his former rank and position in the Coast Guard, correction of his military records, back pay, and promotion. We alloy/ the motion to dismiss.
Plaintiff, a former lieutenant in the United States Coast Guard, was discharged on June 30, 1976, as a result of his nonselection for promotion to the rank of lieutenant commander by the 1974 and 1975 promotion boards. The case has come to us on transfer by the United States District Court for the Southern District of Texas.
Plaintiff was considered by lieutenant commander selection boards for 1971 and 1972 but was not selected. He was then scheduled for involuntary discharge on June 30,1973. However, he sought relief from the Board for the Correction of Military Records (BCMR or the Correction Board), which in a preliminary decision on June 22, 1973, ordered the Coast Guard to delete certain information from his file, including his nonselections for promotion. The general counsel of the Department of Transportation approved the findings and recommendations of the BCMR. Later, on November 1, 1973, the BCMR ordered certain additional record corrections which were likewise approved by the general counsel.
Thereafter, the facts in plaintiffs case become involved, and we conclude that to reach the issues to be decided it is unnecessary to recite the facts in detail. There was correspondence between plaintiff and the BCMR about plaintiff rebutting one of his 1971 fitness reports and his failure to provide the rebuttal in time for its consideration by the 1973 selection board which did not select plaintiff for promotion. Plaintiff did heed advice to submit a rebuttal in time for consideration by the November 18, 1974, selection board, and he requested reconsideration of the first BCMR decision made in 1973 for deletion of four additional fitness reports and for promotion.
The 1974 selection board did not select plaintiff for promotion. Plaintiff was thereupon scheduled for discharge on June 30, 1975, because of the 1973 and 1974 passovers. Following a hearing on plaintiffs petition for further relief, the BCMR denied it and denied plaintiffs request to void his 1973 and 1974 passovers. Later, in 1975, the BCMR *774 decision was modified on the grounds that plaintiff had not been given timely actual notice of the BCMR’s 1973 decision and did not have adequate time to submit his rebuttal for consideration by the 1973 selection board. It was, therefore, ordered that references to his 1973 failure of selection be deleted from his record and that he be placed in line for consideration for selection by the next board. However, the 1974 passover was sustained. Plaintiffs request for reconsideration of the 1973 decision as to the 1974 passover was denied. Additionally, plaintiffs requests for procedures pursuant to article 138 of the Uniform Code of Military Justice were denied as well as his efforts to seek relief under provisions of the Privacy Act.
Plaintiff was not selected for promotion by the 1975 selection board and was discharged, as aforesaid, on June 30, 1976. In 1976 plaintiff submitted other applications to the BCMR but withdrew them prior to action thereon. He brought suit in the district court seeking the relief identified above and, as we have noted, the case was transferred here. On March 7, 1980, plaintiff filed the instant petition.
Plaintiffs persistent attacks on the many administrative decisions in this case have generated a substantial record, prolonged his military service, and brought him some relief. There are still some issues to be resolved here and the first one is whether the BCMR’s decision upholding the 1974 nonselection of plaintiff for promotion is binding. The test we apply to these board decisions has been stated many times. Essentially the test is that the board decision will not be set aside judicially unless it is "illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.” Sanders v. United States, 219 Ct. Cl. 285, 298, 594 F.2d 804, 811 (1979).
This test puts a substantial burden on a plaintiff who challenges the presumption that an administrative decision has been rendered honestly, fairly, and accurately. Plaintiff here has alleged that the BCMR and the selection board decisions were arbitrary and capricious and that we should set them aside, substituting our judgment for theirs. It is *775 not argued that the decisions are unsupported by substantial evidence. We do not think that the challenge has merit. Certainly, the court is not in the business of running the military and cannot substitute its judgment for that of the commanders and rating officers vested by law with the responsibility. The fact that their judgments may be faulty or even wrong by our lights is not sufficient to undo them if they are not illegal. Orloff v. Willoughby, 345 U.S. 83 (1953); Brenner v. United States, 202 Ct. Cl. 678 (1973), cert. denied, 419 U.S. 831 (1974). There were some procedural errors made in handling plaintiffs case and the BCMR and the general counsel took note of them and they were corrected. Any errors not fully corrected appear to us to be harmless ones. For instance, the 1973 BCMR decision ordered all references to plaintiffs failure of selection up to that time to be removed from his record but a fitness report somehow stayed in the record and did refer to prior nonselection and was before the 1974 selection board. However, the BCMR concluded, and we think properly so, that this was not prejudicial error in this instance because plaintiff himself referred to his failures of selection in his rebuttal to a 1973 fitness report.
It is unnecessary to belabor review of all of plaintiffs challenges to his several fitness reports for this has been done in great detail by the BCMR and the general counsel. The 1974 BCMR decision determined that the 1973 and 1974 passovers should not be voided but the general counsel modified this decision with regard to the 1973 passover, upholding the 1974 nonselection since references in the record to the 1971 and 1972 passovers were not prejudicial.
The 1974 passover would not have eliminated plaintiff from the service had it not been for the 1975 nonselection. Plaintiff says that a prejudicial legal error was before the 1975 selection board because in a fitness report for the period ending July 31, 1975, reference was made to Ms 1974 passover and that this reference prejudiced his chances for promotion. Plaintiff submitted a rebuttal for consideration by the selection board to this particular fitness report and therein made a general reference to his prior passovers. Defendant says that his estops plaintiff from arguing that references to his prior passovers were prejudicial to impar *776 tial consideration by the 1975 selection board. Plaintiff does not deny his references to his prior passovers but sirgues that he had no other choice but to rebut these reports.
Finally, defendant suggests that since plaintiff withdrew his 1976 application for relief to the BCMR that we should consider remanding the issues regarding the 1975 nonselection to the board so that it could consider them in the first instance. After initiating it, plaintiff elected not to pursue this avenue of possible relief as to the 1975 issue. Plaintiffs response to the pending motion rejects such a remand as proposed and seeks from the court the same relief he would ask of the board. We believe that there is sufficient evidence before the court for us to decide the issue. Plaintiff has not shown to the court any defects in his OERs which we could consider as prejudicial, illegal, or improperly before the selection board. In conclusion, since we find no legal error entitling plaintiff to a money judgment we are not able to restore him to his position with back pay. Of course, this court is without authority to promote plaintiff in any event for we are neither a super correction board nor a selection board.
Several considerations raised by plaintiff in this case are of the nature of those treated in Hary v. United States, 223 Ct. Cl. 10, 618 F.2d 704 (1980), where alleged errors in OERs and prejudice of raters, among other things, were claimed to have militated against selection for promotion. Many of the principles of law enunciated there are applicable here. We see no useful purpose to be served by continuing this litigation by remand. Plaintiff has not met his substantial burden of proving, in response to the mention to dismiss, that there is prejudicial factual or legal error which requires either reversal or remand. Plaintiff has not stated a claim on which we can grant relief, and we find no merit to plaintiffs broad claims of constitutional violation of his property rights.
it is therefore ordered, upon consideration of the petition, the motion to dismiss and plaintiffs response thereto, the exhibits, and the administrative record, without oral argument, that the defendnat’s motion to dismiss is granted. The petition is dismissed.